```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RAUL R. BENCOMO                              CIVIL ACTION

VERSUS                                       NO: 06-2473

GUIDANT CORPORATION, ET AL.                  SECTION: "J" (1)
```

### ORDER AND REASONS

Before the Court is Defendant Abbott Laboratories, Inc.'s **Motion for Partial Summary Judgment on Plaintiff's Claims of Inadequate Warning and Breach of Express Warranty (Rec Doc. 49)**. This motion, which is opposed, was set for hearing on June 25, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted in part and denied in part.

### Background Facts

This products liability case was brought by Plaintiff Raul Bencomo alleging injuries as a result of a medical procedure performed on May 12, 2005. On that day, Plaintiff had a carotid stent procedure performed by Dr. Stephen Ramee. As a part of the

procedure, Dr. Ramee used the ACCULINK Carotid Stent System and ACCUNET Embolic Protection System that are manufactured by Defendant Abbott Laboratories, Inc. ("Abbott"). These devices are designed to capture emboli that might escape during the procedure and travel to other parts of the body causing stroke. During Plaintiff's procedure emboli did escape causing a stroke and loss of sight in one of his eyes. Plaintiff now alleges in this suit that the ACCULINK and ACCUNET systems were unreasonably dangerous because Abbott did not properly warn him of the risks associated with using the systems and breached an express warranty related to the risk of escaping emboli.

## The Parties' Arguments

Defendant Abbott has brought this motion for summary judgment as to Plaintiff's claims for failure to warn and breach of an express warranty. In their first memorandum to the Court, Defendant addressed the learned intermediary doctrine. Specifically, Abbott asserts that because Dr. Ramee was adequately warned of all dangers associated with the use of the ACCULINK and ACCUNET systems the learned intermediary doctrine applies to prevent any recovery by Plaintiff for a failure to warn. In support of this argument, Abbott points to the deposition testimony of Dr. Ramee and the fact that he participated in the clinical trials of ACCULINK and ACCUNET, as

well as the fact that Dr. Ramee had used the systems in over fifty prior procedures. Abbott also argues that Plaintiff cannot establish that a failure to warn was a cause in fact or the proximate cause of his injuries.

Plaintiff Bencomo filed an opposition brief arguing that Abbott's memorandum only addressed the failure to warn claim, and that Abbott misapplied the law to the extent they argue that the learned intermediary doctrine applies to the breach of express warranty claim. Plaintiff does not offer any argument to counter Abbott's assertion that the learned intermediary doctrine eliminates plaintiff's claim for failure to warn. However, Plaintiff does assert that as a matter of law the learned intermediary doctrine is not applicable to a breach of express warranty claim. Further, Plaintiff argues that there are material factual issues regarding the breach of warranty claim. That claim is based on Plaintiff reading, prior to the procedure, an Abbott Patient Guide that his wife found on the internet. Plaintiff asserts that the guide states that the ACCUNET system will capture "any plaque or particles" that might come lose during the procedure. Since these particles did escape the ACCUNET system and caused injury, Plaintiff argues his claim for breach of warranty should survive.

Abbott filed a reply memorandum expanding their argument on the learned intermediary doctrine as it relates to

3

the breach of express warranty claim.  Abbott maintains that the doctrine should, as a matter of law, eliminate any claim by Plaintiff for a breach of express warranty.  In addition, Abbott cites Plaintiff's deposition testimony that ultimately he relied on Dr. Ramee in determining whether to have the procedure, not the Abbott Patient Guide.  Separately, Abbott argues that Plaintiff has failed to produce sufficient proof to establish the necessary elements of a breach of express warranty claim.  First, Abbott asserts that Plaintiff has mischaracterized the statement in the Abbott Patient Guide and that the guide does not suggest that every piece of plaque or particles will be captured.  Second, Abbott contends that Plaintiff's deposition testimony demonstrates that he was not induced to use the product by the guide and the purported express warranty.  Instead, he made his decision based on Dr. Ramee's advice and counsel.  Lastly, Abbott asserts that Plaintiff has made no argument regarding whether the ACCUNET and ACCULINK systems failed to conform to the warranty or whether Plaintiff's damages were proximately caused by the untrue warranty.

## Legal Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving

party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

## Discussion

Plaintiff Bencomo brought a claim against Abbott for failure to warn under the Louisiana Products Liability Act, LSA-R.S. 9:2800.57.  Plaintiff has not asserted any argument to counter Abbott's assertion that the learned intermediary doctrine necessitates summary judgment on this claim.  As such, summary judgment on this claim is proper if Abbott's argument has merit. The Fifth Circuit has recognized that Louisiana applies the learned intermediary doctrine in products liability cases involving medical products and a claim of failure to warn of risks.  Willet v. Baxter Intern. Inc., 929 F.2d 1094, 1097 (5th Cir. 1991).  That doctrine eliminates a manufacturer's duty to warn a patient. McCarthy v. Danek Med., Inc., 65 F.Supp.2d 410, 413 (E.D. La. 1999).  Instead, a manufacturer need only warn the doctor using the medical product. Id.  In order to recover on a failure to warn claim, Plaintiff must prove that 1) Abbott failed to warn Dr. Ramee about a risk the doctor was not already aware

of, and 2) that the failure to warn was both a cause in fact and a proximate cause of the injury. See Willet, 929 F.2d at 1098. The Fifth Circuit has formulated the pertinent analysis under Louisiana law as, "[B]ut for the inadequate warning, the treating physician would not have used or prescribed the product." Id.

Abbott has provided clear evidence, and plaintiff has not offered any rebuttal, that demonstrates that Dr. Ramee was both warned by Abbott about the risks of these systems and was already aware of the risks posed by use of the ACCULINK and ACCUNET systems. Abbott regularly provides information for prescribers on package inserts that warn treating physicians about certain risks, including the risk of emboli causing strokes. Also, Dr. Ramee participated in the clinical trials of the ACCULINK and ACCUNET systems where tests were conducted to determine the risks associated with each systems. Dr. Ramee had used the systems in over fifty procedures prior to Plaintiff's operation. No argument has been presented by Plaintiff that Dr. Ramee was unaware of the risks associated with ACCULINK and ACCUNET.

Plaintiff Bencomo has also brought a claim against Abbott under the Louisiana Products Liability Act for breach of an express warranty, LSA-R.S. 9:2800.58. Plaintiff asserts that a statement in an Abbott Patient Guide suggested that ACCULINK and ACCUNET would prevent the escape of stroke causing emboli,

6

thus creating an express warranty that was breached when emboli did escape and caused his alleged injuries.  Abbott relies on <u>In re Norplant Contraceptive Products Liability Litigation</u>, 165 F.3d 374 (5th Cir. 1999), to argue that in the Fifth Circuit the learned intermediary doctrine can void a claim for breach of express warranty.  Such reliance is misplaced.  The Fifth Circuit in <u>In re Norplant</u> was specifically interpreting Texas law and the application of the learned intermediary doctrine to claims made under the Texas Deceptive Trade Practices Act.  <u>Id.</u> at 377-80.  Abbott cites no cases interpreting the application of the learned intermediary doctrine under the Louisiana Products Liability Act for claims of breach of express warranty.  Further, the Court does not find Abbott's policy arguments for application of the learned intermediary doctrine to a breach of express warranty claim to be persuasive.  It is clear to the Court that the parties have a dispute regarding certain material factual issues on the breach of express warranty claim, including what exactly the Abbott Patient Guide stated, how much of the guide was read by Plaintiff, and the extent to which Plaintiff relied on the guide in deciding to have the procedure.  As such, summary judgment on Plaintiff's claims for breach of express warranty would be improper.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Partial Summary Judgment on Plaintiff's Claims of Inadequate Warning and Breach**

**of Express Warranty (Rec. Doc. 49)** is hereby **GRANTED** with regard to Plaintiff's inadequate warning claim, and **DENIED** with regard to Plaintiff's breach of express warranty claim.

New Orleans, Louisiana, this 7th day of August, 2008.

*[signature]*
_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE